IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| RAMOND-L BARTEE, SR. | * | |
| Petitioner | * | |
| v | * | Civil Action No. JKB-15-3436 |
| JOHN C. PORTO, JUDGE NEREQ, and THE ATTORNEY GENERAL OF THE STATE OF MARYLAND | * * * | |
| Respondents | | |

\*\*\*

# MEMORANDUM

The above-captioned petition for writ of habeas corpus was filed on November 10, 2015, together with motions to cease and desist and to proceed in forma pauperis. ECF 2 and 3. Because he appears to be indigent, petitioner's motion to proceed in forma pauperis shall be granted. For the reasons stated below, the petition must be dismissed without prejudice and the pending motion to cease and desist denied.

The petition concerns a failure to appear warrant issued by a New Jersey state court against petitioner Ramond-L Bartee, Sr. ("Bartee"). According to the information provided by Bartee on the pre-printed forms, he has not yet stood trial on the charges against him in New Jersey. Bartee claims that the state of New Jersey is attempting to kidnap him and that there is no jurisdiction over him for the open case. He also appears to claim that a New Jersey state police officer assaulted him when he placed his hand on Bartee while simultaneously touching his gun and that he was subjected to "rape" when ordered to undergo a medical examination by the court. ECF 1.

In his motion to cease and desist, Bartee seeks an order requiring a bail bond company, "Aaron Bail Bonds, Corp.," to stop harassing him, his family, and his friends. ECF 3. Bartee provides no factual allegations to support his allegation that he or anyone else is being harassed. *Id*. Without any factual basis, the motion is meritless and must be denied.

The claims regarding the validity of the New Jersey criminal charges have not been exhausted. When filing a federal habeas corpus application under 28 U.S.C. § 2254, a petitioner must show that all of his claims have been presented to the state courts. 28 U.S.C. § 2254(b) and (c); *see also Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973). This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider it. In Bartee's case, those claims must be asserted in the New Jersey state courts.

Further, Bartee is not currently incarcerated pursuant to a state criminal conviction. Under 28 U.S.C. § 2254(a) "[t]he Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person *in custody pursuant to the judgment of a State court* only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." (emphasis added). As Bartee is not "in custody pursuant to the judgment of a State court," he is not entitled to habeas relief.

Finally, if Bartee becomes incarcerated in New Jersey, pursuant to a New Jersey state court decision, and he exhausts all New Jersey state remedies challenging that judgment, the appropriate federal court in which to seek federal habeas relief is the United States District Court for New Jersey. Thus, the instant petition must be dismissed without prejudice by separate order which follows.

| November 16, 2015 | _____/s/_____ |
|---|---|
| Date | James K. Bredar |
| | United States District Judge |